IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-CR-00293-RJC-DCK

| USA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MONTARIOUS D'ANGELO DAWSON | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant to dismiss the indictment, (Doc. No. 14), and the government's response, (Doc. No. 17).

The defendant relies on the recent Supreme Court decision in <u>New York State Rifle & Pistol Assoc., Inc. v. Bruen</u>, 142 S. Ct. 2111 (2022), to argue that his possession of a firearm in his home for self-defense was presumptively protected by the Second Amendment and that the government bears the burden of rebutting that presumption by showing that 18 U.S.C. § 922(g)(1) is consistent with American tradition. The government responds that the defendant is not "an ordinary, law-abiding citizen" entitled to possess a firearm; therefore, § 922(g)(1) is constitutionally applied to him.

In <u>District of Columiba v. Heller</u>, 544 U.S. 570, 592, 635 (2008), the Supreme Court recognized the Second Amendment codified a pre-existing "right of law-abiding, responsible citizens to use arms in defense of hearth and home." The Supreme Court cautioned that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons …" <u>Id.</u> at 626. The defendant asks this lower Court to ignore that language as dicta, (Doc. No. 14:

Motion at 8-9). However, superior courts have uniformly found § 922(g)(1) facially constitutional in light of Heller. United States v. Moore, 666 F.3d 313, 316-17 (4th Cir. 2012) (collecting cases).

Just as Heller recognized "the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense," Bruen recognized "that ordinary, law-abiding citizens have a similar right to carry handguns publicly for their self-defense." 142 S. Ct. at 2122. Justices in the majority and the dissent affirmed that nothing about the opinion disturbed Heller's upholding prohibitions against felons possessing firearms. Id. at 2157 (Alito, J. concurring), 2162 (Kavanaugh, J., joined by Roberts, C.J., concurring), 2189 (Breyer, J., joined by Sotomayor, J. and Kagan, J., dissenting).

The defendant admits he is a convicted felon, (Doc. No. 14: Motion at 2, Exhibit C: Judgment (imposing 57-71 months' imprisonment for voluntary manslaughter)); thus, his reliance on Bruen is misplaced. Accord Range v. Attorney General of the United States, 53 F.4th 262, 284 (3d Cir. 2022) (under Bruen and Heller individuals convicted of "felony-equivalent crimes … fall outside of 'the people' entitled to keep and bear arms"); United States v. Gonzalez, No. 22-1242, 2022 WL 4376074, at *2 (7th Cir. Sept. 22, 2022) (in Bruen and Heller "the Justices have declined to question laws … barring felons from possessing guns").

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

The Clerk is directed to certify copies of this order to the Federal Public Defender and the United States Attorney.

Signed: December 21, 2022

*[signature]*

Robert J. Conrad, Jr.
United States District Judge